PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Dontae White          Case Number: 3:04-00091-01

Name of Judicial Officer: Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: March 23, 2005

Original Offense: Ct. 1: Possession of Firearm in Furtherance of a Drug Trafficking Crime; Ct. 2: Possession with Intent to Distribute MDMA; Ct. 3: Possession with Intent to Distribute Marijuana; and Possession with Intent to Distribute Hydromorphone

Original Sentence: 100 months' imprisonment and 3 years' supervised release

Type of Supervision: Supervised release          Date Supervision Commenced: August 25, 2011

Assistant U.S. Attorney: Phillip H. Wehby          Defense Attorney: Mariah A. Wooten

### PETITIONING THE COURT
■ To issue a Summons.
☐ To issue a Warrant.

---

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this ___ day of _____, 2013, and made a part of the records in the above case.

_____
Honorable Todd J. Campbell
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Lisa A. Capps
Sr. U.S. Probation Officer

Place   Columbia, TN

Date    July 16, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
| --- | --- |

**1.** **The defendant shall not commit another federal, state, or local crime:**

On July 7, 2013, Dontae White was arrested for Aggravated Assault (Serious Bodily Injury or Weapon) by the Metropolitan Police Department, Nashville, Tennessee. According to the affidavit, the police were dispatched to 714 Due West Avenue, Madison, Tennessee, in response to a domestic disturbance. The victim, Equailla Curtis, informed the police that Mr. White had become angry and violent after an argument over pictures he found on a social media sight. Mr. White pushed the victim to the ground and ran to his vehicle. Ms. Curtis stated that Mr. White backed his vehicle into her causing injury to her leg. She stated that Mr. White looked to see what he had hit and quickly fled the scene. Police responded to the scene and assisted the victim with prosecution and obtaining an Order of Protection.

Mr. White is to appear in Davidson County General Sessions Court, Nashville, Tennessee, on August 21, 2013, for settlement, warrant number GS638950. He is currently out on a $3,500.00 bond.

### Compliance with Supervision Conditions and Prior Interventions:

Dontae White began his term of supervised release on August 25, 2011. His term of supervision expires on August 24, 2014.

On July 13, 2012, a 12A petition was submitted notifying the Court of Mr. White's positive urine screens on July 9, 2012, and July 13, 2012, as well as failing to provide proof of his job search efforts. Your Honor signed said petition on July 27, 2012, ordering no action.

On October 11, 2012, a 12C petition was submitted notifying the Court of Mr. White's arrest for domestic assault, and positive urine screens. Said petition was signed by Your Honor on October 12, 2012, ordering a summons be issued. On February 6, 2013, a 12A petition was submitted notifying the Court of Mr. Whites' citation for driving on a suspended license, which was later dismissed. Your Honor signed said petition on February 11, 2013, ordering no action.

At a revocation hearing on April 11, 2013, Your Honor found the government did not prove the allegation in violation number 1 of the petition. Mr. White admitted to the allegations in violation number 2. Your Honor ordered Mr. White to remain on his current conditions of supervised release, and ordered the Probation Office to inform the Court in writing of the results of every drug test Mr. White submits.

Mr. White failed to appear for the urine screen on June 3, 2013, but advised via a text message that his transportation did not get off work in time to take him to the Probation Office. Mr. White stated he would report the following morning. Mr. White submitted a urine sample on June 4, 2013, that tested negative for the presence of any illicit substances. He submitted a urine sample on June 24, 2013, which tested positive for opiates; however, he had a prescription for Hydrocodone dated June 19, 2013.

## Update of Offender Characteristics:

Mr. White lives in Nashville, Tennessee, with his mother and is currently unemployed.

On July 8, 2013, Mr. White contacted this officer and advised that he had been over at his "baby mommas" house the previous night and they got into an argument. She wouldn't let him leave and threw his car keys at him hitting him in the face. Mr. White stated he then took her keys and threw them on the roof of the apartment building where she lives. Ms. Curtis then broke his windshield wiper and he in turn broke one of her's. At that point, Ms. Curtis acted as if she was going to throw a brick at his car and he left. Mr. White stated Ms. Curtis called the police and took out an Order of Protection against him, and wouldn't let him see his daughter. Mr. White reported that Ms. Curtis has been calling him to get her keys off the roof. This officer asked him if the police came to his house or arrested him, and he indicated no, but he was afraid Ms. Curtis would take a warrant out on him. He was directed to have no contact with Ms. Curtis.

On July 12, 2013, this officer spoke with Ms. Curtis, who advised that Mr. White had come over to see his six month old daughter, and he was looking at Ms. Curtis' phone which had pictures on it that he didn't like. They got into an argument and she hit him with his keys. Mr. White then threw her keys on the roof of the apartment building and proceeded to break her windshield wiper off the car. At that point, Ms. Curtis advised that she attempted to break his windshield wiper and ran into her house to call the police. When she came back out, Mr. White got into his car and ran into her leg and then sped off. Ms. Curtis reported that she went to Baptist Hospital the next day because her body hurt so much and her arm and leg were swollen. She was prescribed anti-inflammatory medication and released. This officer asked Ms. Curtis if she would be willing to testify in court and she indicated that she would do so. Ms. Curtis stated the reason she did not show up for the last court date in April 2013, was because Mr. White talked her into not appearing. After Ms. Curtis provided her rendition of the incident, this officer read the Affidavit to Ms. Curtis word for word, and she advised it was true and correct.

## U.S. Probation Officer Recommendation:

It is respectfully requested that a summons be issued for Dontae White to appear before the Court to answer to the violation behavior outlined above.

This matter has been submitted to Assistant U. S. Attorney Philip Wehby, who concurs with the recommendation.

Approved: _____
Burton Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. DONTAE WHITE, CASE NO. 3:04-00091

GRADE OF VIOLATION: A
CRIMINAL HISTORY: III

ORIGINAL OFFENSE DATE:   POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A fel.) *18 U.S.C. § 3583(e)(3)* | 30-37 months | none |
| SUPERVISED RELEASE: | not more than 5 years | up to 5 years less any term of imprisonment *18 U.S.C. 3583(h)* | none |

**Statutory Provisions:** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** In the case of a Grade A violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1).

Respectfully Submitted,

Lisa A. Capps
U.S. Probation Officer

Approved: Burton Putman
Supervising U.S. Probation Officer