PROB 12C
(Rev. 2011)

# United States District Court
for
## Middle District of Tennessee
### 3rd Supplemental Petition for Warrant or Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 83]

Name of Offender: Dontae White      Case Number: 3:04-00091-01

Name of Judicial Officer: Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: March 23, 2005

Original Offense: Ct. 1: Possession of Firearm in Furtherance of a Drug Trafficking Crime; Ct. 2: Possession with Intent to Distribute MDMA; Ct. 3: Possession with Intent to Distribute Marijuana; and Possession with Intent to Distribute Hydromorphone

Original Sentence: 100 months' imprisonment and 3 years' supervised release

Type of Supervision: Supervised release      Date Supervision Commenced: August 25, 2011

Assistant U.S. Attorney: Phillip H. Wehby      Defense Attorney: Mariah A. Wooten

---

### PETITIONING THE COURT

- ☐ To issue a Summons.
- ☐ To issue a Warrant.
- ■ To Consider Additional Violation / Information.

---

### THE COURT ORDERS:
- ☐ No Action
- ☐ The Issuance of a Warrant:
    - ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
- ☐ The Issuance of a Summons.
- ☒ Other  To Consider Additional Violation/Information at the hearing on 8/25/14

Considered this __22__ day of __Aug.__, 2014, and made a part of the records in the above case.

_____
Honorable Todd J. Campbell
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Lisa A. Capps
Sr. U.S. Probation Officer

Place    Columbia, TN

Date    August 21, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 83, has been amended as follows:

**Violation Nos. 1 and 2 have been updated with new state court date information.** Violation No. 7 has been added detailing the offender's charge of Possession of a Controlled Substance Without a Prescription.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

**1.**   **The defendant shall not commit another federal, state, or local crime:**

On July 7, 2013, Dontae White was arrested for Aggravated Assault (Serious Bodily Injury or Weapon) by the Metropolitan Police Department, Nashville, Tennessee. According to the affidavit, the police were dispatched to 714 Due West Avenue, Madison, Tennessee, in response to a domestic disturbance. The victim, Equailla Curtis, informed the police that Mr. White had become angry and violent after an argument over pictures he found on a social media sight. Mr. White pushed the victim to the ground and ran to his vehicle. Ms. Curtis stated that Mr. White backed his vehicle into her causing injury to her leg. She stated that Mr. White looked to see what he had hit and quickly fled the scene. Police responded to the scene and assisted the victim with prosecution and obtaining an Order of Protection. **Davidson County General Sessions Court, Warrant Number GS638950 was dismissed on July 10, 2014.**

On July 8, 2013, Mr. White contacted this officer and advised that he had been over at his "baby mommas" house the previous night and they got into an argument. She wouldn't let him leave and threw his car keys at him hitting him in the face. Mr. White stated he then took her keys and threw them on the roof of the apartment building where she lives. Ms. Curtis then broke his windshield wiper and he in turn broke one of her's. At that point, Ms. Curtis acted as if she was going to throw a brick at his car and he left. Mr. White stated Ms. Curtis called the police and took out an Order of Protection against him, and wouldn't let him see his daughter. Mr. White reported that Ms. Curtis has been calling him to get her keys off the roof. This officer asked him if the police came to his house or arrested him, and he indicated no, but he was afraid Ms. Curtis would take a warrant out on him. He was directed to have no contact with Ms. Curtis.

On July 12, 2013, this officer spoke with Ms. Curtis, who advised that Mr. White had come over to see his six month old daughter, and he was looking at Ms. Curtis' phone which had pictures on it that he didn't like. They got into an argument and she hit him with his keys. Mr. White then threw her keys on the roof of the apartment building and proceeded to break her windshield wiper off the car. At that point, Ms. Curtis advised that she attempted to break his windshield wiper and ran into her house to call the police. When she came back out, Mr. White got into his car and ran into her leg and then sped off. Ms. Curtis reported

that she went to Baptist Hospital the next day because her body hurt so much and her arm and leg were swollen. She was prescribed anti-inflammatory medication and released. This officer asked Ms. Curtis if she would be willing to testify in court and she indicated that she would do so. Ms. Curtis stated the reason she did not show up for the last court date in April 2013, was because Mr. White talked her into not appearing. After Ms. Curtis provided her rendition of the incident, this officer read the Affidavit to Ms. Curtis word for word, and she advised it was true and correct.

On August 6, 2013, at approximately 10:43 a.m., this officer received a telephone call from Ms. Curtis, the victim in the pending aggravated assault case, asking if there was anyway that the revocation proceedings could be dismissed because she has too many stressors in her life right now and doesn't want to deal with this. This officer asked her whether Mr. White had called her today and she stated he had not, but she does not want the revocation to go any further.

At approximately 10:54 a.m. on August 6, 2013, this officer spoke again with Mr. White and asked if he had talked with Ms. Curtis today about dismissing the revocation proceedings. Mr. White indicated that he had talked with Ms. Curtis today, but only to tell her that she needs to tell the truth about what really happened the day of the assault. He stated that he wants nothing more to do with her, but she keeps calling him. This officer advised him if that is the case, then he needs to either change his telephone number or get a restraining order against her so she would not be able to contact him.

On August 16, 2013, Ms. Curtis left a voice mail message for this officer, advising that she would be willing to testify. Ms. Curtis stated the reason she did not want to continue with the charges was due to the fact that Mr. White had called and asked her to drop them.

2.  **The defendant shall not commit another federal, state, or local crime:**

On August 1, 2013, Dontae White was cited for Synthetic Derivatives of Methcathinone Violation; Possession of Drug Paraphernalia - Unlawful Use; No Driver's License by the Metropolitan Nashville Police Department, Nashville, Tennessee. No details were available as Mr. White has not yet been booked. His booking date is set for August 28, 2013. According to the Affidavit, Mr. White was observed driving with excessive window tint and was stopped by MNPD Officer Travis Davidson. Mr. White was checked through NCIC and was found to have an extensive drug arrest history. He was asked if there was anything inside the vehicle. Mr. White stated, "Yeah, there is some synthetic weed in the console and the above the visor." Officer Davidson went to the vehicle and retrieved the items. The synthetic marijuana was 22 grams total in botanical potpourri and packaging. With the synthetic marijuana was a "blunt" wrapped in its packaging. Mr. White's driver's license was also found to be cancelled. **Davidson County General Sessions Citation Number SCE113643 was dismissed on September 30, 2013. Citation Numbers SCE113649 and SCE113652 were dismissed on July 10, 2014.**

3.

On August 6, 2013, at 9:32 a.m., this officer questioned Mr. White about the state citations he received on August 1, 2013. Mr. White stated the Metropolitan Nashville Police Department stopped him and found him to be driving without his license. He further stated he was smoking a cigar and they cited him for drug paraphernalia and for some "potpourri shit" they found in his car. Mr. White was reprimanded and reminded of the conditions of his supervision to include not committing any federal, state, or local crimes.

**The defendant shall participate in a program of drug testing as directed by the probation officer:**

On August 1, 2013, Mr. White failed to report to the U.S. Probation Office for a random urine screen. On August 5, 2013, this officer questioned Mr. White as to why he missed the urine screen. He stated that when he called, it was not his phase. This officer advised that it was phase 2 on August 1, 2013, and directed him to report that day and submit a urine screen.

4.

**The defendant shall not commit another federal, state, or local crime:**

On April 23, 2014, Dontae White was cited for Driving on a Suspended License (DOSL) by the Metropolitan Police Department, Nashville, Tennessee.

On April 25, 2014, this officer questioned Mr. White about the citation, and he indicated the police officer that stopped him was the same one that stopped him approximately six months earlier. He stated, "cop is out to get me." Mr. White also stated that his driver's license is not suspended. A check with the Department of Motor Vehicles revealed that Mr. White has a valid driver's license that was issued on April 24, 2014. Davidson County General Sessions Citation No. SCE143617 was dismissed on May 21, 2014.

5.

**The defendant shall refrain from any unlawful use of a controlled substance:**

On April 14, 2014, Mr. White submitted a urine sample that tested positive for cocaine. When questioned about the urine sample, Mr. White denied any use of cocaine and insisted that cocaine is not his drug of choice.

6.

**The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer:**

On April 23, 2014, Dontae White was the driver of a vehicle that was stopped for a traffic violation by the Metropolitan Nashville Police Department (MNPD). Anthony Scott was a passenger in that vehicle and is a convicted felon, who is on supervised release in the Middle District of Tennessee, Case No. 3:07CR00084, and is also being supervised by this officer. According to MNPD Officer Travis Davidson, Mr. Scott was a front seat passenger in a vehicle that was stopped on Whites Creek Pike near Dickerson Road, after stopping in the middle of the intersection on a red light. The vehicle was also seen crossing over the double yellow lines. Mr. White produced a Tennessee driver's license that was checked and found to be suspended. Mr. Scott was asked to step out of the vehicle for a consent search and gave verbal consent to search his person. Officer Davidson felt contraband in the crotch area of Mr. Scott,

and the offender pulled out two plastic bags. One bag contained 8.3 grams of marijuana and the other contained 18.4 grams of crack cocaine that field tested positive. Mr. Scott also had a large amount of cash in small denominations consistent with the sale of drugs.

Inside Mr. Scotts' cellular phone were text messages related to the sale of drugs. During a search of the vehicle, officers located a package of cigarillos and a marijuana "roach" in the trunk drip rail. Officer Davidson also advised that Mr. White had a substantial amount of cash on his person and there was also a large quantity of cash found in the console, which Mr. White claimed was his. Because officers did not find drugs on Mr. White's person, officers did not confiscate the money he stated was his.

This officer questioned Mr. White about the incident, and he stated that he did not have a large quantity of cash, he only had 100 one dollar bills, which made it appear to be a large sum of money. Mr. White stated that he was not aware Mr. Scott had drugs on his person at the time. This officer advised Mr. White that he is not to have any contact with convicted felons and doing so is a violation of his conditions of release. Mr. White indicated that he was aware of that but that he and Mr. Scott are friends.

7.

**The defendant shall not commit another federal, state, or local crime:**

**On August 15, 2014, Dontae White was stopped by the Metropolitan Nashville Police Department on a traffic stop and was found to be in possession of Lortab pills in a plastic baggie. He was given a citation for possession of Lortab without a prescription and has a booking date of September 10, 2014. When questioned by this officer on August 20, 2014, Mr. White indicated he had provided a prescription to DPA Pettit when he reported for a urine screen. According to DPA Pettit, Mr. White provided a prescription for Hydrocodone (Lortab) on July 23, 2014, when he reported to the Probation Office for a urine screen. The medication had been prescribed by Dr. Pough on July 4, 2014, for 15 tablets.**

**Compliance with Supervision Conditions and Prior Interventions:**

Dontae White began his term of supervised release on August 25, 2011. His term of supervision expires on August 24, 2014.

On July 13, 2012, a 12A petition was submitted notifying the Court of Mr. White's positive urine screens on July 9, 2012, and July 13, 2012, as well as failing to provide proof of his job search efforts. Your Honor signed said petition on July 27, 2012, ordering no action.

On October 11, 2012, a 12C petition was submitted notifying the Court of Mr. White's arrest for domestic assault, and positive urine screens. Said petition was signed by Your Honor on October 12, 2012, ordering a summons be issued. On February 6, 2013, a 12A petition was submitted notifying the Court of Mr. Whites' citation for driving on a suspended license, which was later dismissed. Your Honor signed said petition on February 11, 2013, ordering no action.

At a revocation hearing on April 11, 2013, Your Honor found the government did not prove the allegation in violation number 1 of the petition. Mr. White admitted to the allegations in violation number 2. Your Honor ordered Mr. White to remain on his current conditions of supervised release, and ordered the Probation Office to inform the Court in writing of the results of every drug test Mr. White submits.

On July 16, 2013, a 12C petition was submitted notifying the Court of Mr. White's arrest for aggravated assault (serious bodily injury). Said petition was signed by Your Honor on July 17, 2013, ordering a summons be issued. On August 5, 2013, Mr. White appeared on the summons and was released pending the final revocation hearing.

September 19, 2013, a Supplemental 12C petition was submitted notifying the Court of new drug charges and failure to report for a random urine screen. Said petition was signed by Your Honor on September 19, 2013, ordering the additional violations to be considered at the revocation hearing.

At the revocation hearing on January 6, 2014, the parties jointly moved for a continuance until after a state court hearing. The revocation hearing is now set for June 13, 2014.

On April 29, 2014, a 2nd Supplemental 12C petition was submitted notifying the Court of updated state court information, a new charge for Driving on a Suspended License, a positive urine screen, and association with a convicted felon. The revocation hearing was continued to August 25, 2014.

Mr. White submitted urine screens on May 1, 2014, May 22, 2014, June 13, 2014, June 24, 2014, and July 2, 2014, which were negative for any illicit substances. Urine screens submitted on July 23, 2014, and August 1, 2014, were positive for Oxycodone, for which the offender had a prescription.

### Update of Offender Characteristics:

Mr. White lives in Nashville, Tennessee, with his mother and is currently unemployed.

### U.S. Probation Officer Recommendation:

It is respectfully requested that the additional violation/ information be considered at the revocation hearing which is scheduled for August 25, 2014. The U.S. Attorney's Office is agreeable with this recommendation.

Approved: _____
Jim Perdue
Deputy Chief U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. DONTAE WHITE, CASE NO. 3:04-00091

GRADE OF VIOLATION: A
CRIMINAL HISTORY: III

ORIGINAL OFFENSE DATE:   POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A fel.) *18 U.S.C. § 3583(e)(3)* | 30-37 months | none |
| SUPERVISED RELEASE: | not more than 5 years | up to 5 years less any term of imprisonment *18 U.S.C. 3583(h)* | none |

**Statutory Provisions:** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** In the case of a Grade A violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1).

Respectfully Submitted,

Lisa A. Capps
U.S. Probation Officer

Approved: Jim Perdue
Deputy Chief U.S. Probation Officer